IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOMINICK L., AND DOMINIQUE L., )
INDIVIDUALLY AND AS PARENT AND )
NEXT FRIEND OF DOMINICK L., )
 )
      Plaintiffs, )    No. 12 C 665
 )
      v. )    Judge Ronald A. Guzmán
 )
BOARD OF EDUCATION OF THE )
CITY OF CHICAGO, DISTRICT 299, )
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

The matter is before the Court on the motion of Dominick L., a minor, and Dominique L., individually and as Dominick's parent and next friend (collectively referred to as "Plaintiffs"), for attorney's fees pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3) (2006). Plaintiffs contend that they are entitled to attorney's fees as the prevailing parties in their due process hearing with the Board of Education of the City of Chicago, District 299 ("Board"). Both parties move for summary judgment. For the reasons set for below, the Court grants Plaintiffs' motion and denies the Board's motion.

**I.   FACTS**

At the time of the due process hearing, Dominick was a seventeen-year-old male suffering from mild cognitive impairment and emotional disorder. (Pls.' Stmt. Undisp. Fact, Dkt. # 21, ¶ 6.) These disabilities made him eligible for special education. (*Id.*) Dominick was performing significantly below grade level in all areas and failed numerous classes. (*Id.* ¶¶ 8, 11.) Plaintiffs met with the Board throughout a series of Individualized Educational Program ("IEP") meetings, where Plaintiffs requested that Dominick be transferred to a smaller therapeutic school. (*Id.* ¶ 10.) The Board denied the transfer, and Plaintiffs subsequently

retained an attorney and requested, on March 24, 2011, a due process hearing ("Hearing"). (*Id.* ¶¶ 11-12.) Plaintiffs alleged that the Board violated the IDEA by denying Dominick a free and appropriate public education ("FAPE"). (*Id.*)

The Hearing commenced on September 14, 2011, continued for three days, and closed on September 21, 2011. (*Id.* ¶ 15.) While the Hearing was pending, the Board transferred Dominick to a therapeutic school. (*Id.* ¶ 13.) The Board proposed settlement offers to Plaintiffs on September 2, 2011 ("Settlement # 1") and on September 9, 2011 ("Settlement # 2"). (Def.'s Stmt. Undisp. Fact, Dkt. #16, ¶ 3.) Plaintiffs, however, rejected both settlement offers and proceeded to the Hearing. (*Id.* ¶ 4.) Settlement # 1 required the Board to provide independent psychological and vocational evaluations, a reading remediation program, intervention and transition plans, 100 hours of after-school speech therapy, and sixty minutes per week of social and psychological services. (*Id.*, Ex. A.) Settlement # 2 included the additional terms of offering a speech and language evaluation by Mr. Arnell Brady, an assistive technology evaluation, an occupational therapy evaluation, a reading remedies program taught through the Orton-Gillingham method, and sixty minutes per week of speech language services. (*Id.*, Ex. B.)

Following the Hearing, the independent hearing officer ("IHO") ruled in favor of the Plaintiffs. (Pls.' Stmt. Undisp. Fact, Dkt. # 21, ¶ 15a.) The IHO granted Dominick assistive technology, occupational therapy, and vocational assessments. (Def.'s Stmt. Undisp. Fact, Dkt. #16-1, Ex. D.) In addition, the IHO ruled that Dominick should receive sixty minutes per week of direct speech and language therapy along with thirty minutes per week of speech and language therapy in the classroom. (*Id.*) Lastly, the IHO's ruling indicated that Dominick should receive 160 hours of after-school speech and language therapy. (*Id.*) The IHO directed

that all of these services be provided or funded by the Board. (*Id.*) In her ruling, the IHO noted that the Board allowed Dominick to struggle and fail for three years of high school, and addressed Dominick's situation only when he requested the Hearing. (Pls.' Stmt. Undisp. Fact, Dkt. #21, ¶ 16.)

On November 4, 2011, Plaintiffs claimed $40,247.97 for attorney's fees through the Hearing. (*Id.* ¶ 17.) Plaintiffs submitted supplemental fee petitions totaling an additional $9,375.75 for implementing the IHO's orders through May 1, 2012. (*Id.* ¶¶ 18-19.) In total, Plaintiffs claimed $49,623.72 in attorney's fees for work performed by attorney Michael A. O'Connor and paralegal Peter J. Godina. (*Id.* ¶ 19.) Plaintiffs submitted information that O'Connor's rates were $405.00 per hour and Godina's rates were $105.00 per hour. (*Id.* ¶ 23.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). At the summary judgment stage, we "do not evaluate the weight of the evidence, judge the credibility of witnesses or determine the ultimate truth of the matter." *Atanus v. Perry,* 520 F.3d 662, 671 (7th Cir. 2008). Therefore, all evidence and reasonable inferences are construed in favor of the non-moving party to determine if there is a genuine issue of material fact. *Magin v. Monsanto Co.*, 420 F.3d 679, 686 (7th Cir. 2005).

## III. DISCUSSION

In addition to asserting that they should receive the full amount of attorney's fees they are requesting, Plaintiffs argue that they are entitled to prejudgment interest. For its part, the Board argues that any fees awarded to Plaintiffs should be reduced because: (1) Plaintiffs were

not successful on all of their claims, which made the IHO order not more favorable than the settlement offers and (2) paralegal Godina billed an excessive number of hours to prepare documents for the prehearing conference and Hearing. The Board also contends that Plaintiffs are not entitled to prejudgment interest.

### A. Plaintiff Is A Prevailing Party

Under the IDEA, the trial court has discretion to award attorneys' fees to a "prevailing party." 20 U.S.C. § 1415 (i)(3)(B)(i) (2006). The term "prevailing party" is a legal term of art that Congress intended to be defined similarly throughout its statutes. *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 476 (7th Cir. 2003) (noting that the Seventh Circuit interprets the IDEA consistently with § 1988 to define a prevailing party). Therefore, a plaintiff "'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992) (noting that even nominal changes can alter the legal relationship to make one a prevailing party). In this case, the IHO granted Plaintiffs substantial remedies at the Board's expense, which makes Plaintiffs the prevailing parties. *See T.D.*, 349 F.3d at 479 (noting that a party can prevail in a due process or administrative hearing, not just a judicial hearing).

As the prevailing parties, Plaintiffs are entitled to attorneys' fees calculated under the lodestar method. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (noting that the lodestar method, which multiplies the "number of hours reasonably expended on litigation … by a reasonable hour rate," is strongly presumed to yield reasonable attorney's fee awards). This method calculated a fee of $40,247.97 through the Hearing, which was

4

subsequently increased to $49,623.72 after Plaintiffs expended additional time enforcing the IHO's order. (Pls.' Stmt. Undisp. Fact, Dkt. # 21, ¶ 18-19.)

    **B.**    **The Requested Fees Should Not Be Adjusted**

        1.    <u>The Award Should Not Be Reduced for Lack of Success</u>

The Board first asserts that any award should be reduced to reflect a proportional lack of success on the merits. Specifically, it argues that Plaintiffs requested four items that the IHO did not award: a functional behavior assessment ("FBA"); a behavioral intervention plan ("BIP"); a transition plan based upon assessments relative to employment education, training and independent living; and an additional sixty minutes per week of social work or psychological services for two years. According to the Board, because these four items out of the twelve services Plaintiffs requested were not awarded by the IHO, the fee award should be reduced by 25%. The argument is meritless in light of the IHO's ruling.

As noted by Plaintiffs, the IHO found that while Chicago Public Schools ("CPS") had failed to complete an adequate FBA and BIP, she also found that the transfer to the therapeutic day school negated the need for a new FBA and BIP because the day school is "capable of assessing and addressing Student's behavioral needs as [it] deem[s] necessary." (Pls.' Ex. A, IHO Ruling, Dkt. #21-1, at 26.) As a result, she stated that an "[o]rder directing the District, after the fact, to conduct an FBA and develop a BIP would serve no purpose here." (*Id.* at 25.) Similarly, with respect to the transition plan, the IHO determined that it was "deficient" but that it could not be revised "until after a proper independent vocational assessment is performed, and Student's behavior is being addressed by staff at the therapeutic day school." (*Id.*) As for the social work services, the IHO found that "Student was not able to take advantage of the social work services that were provided for in his IEPs, because the schools' service delivery models and lack of individual support provided prevented him from accessing those services on

5

a regular basis." (*Id*.) The IHO concluded that staff at the therapeutic day school, including a social worker, "can address Student's behaviors more effectively than the staff at the public high schools did." (*Id*. at 24.)

Ultimately, the IHO acknowledged Plaintiffs' claims that the four items had not been properly addressed by Dominick's schools but that the new day school, to which Dominick had been transferred during the Hearing, would sufficiently address his needs. The Court does not deem the results on these four issues to constitute a lack of success.

### 2. IHO's Ruling Is Substantially More Favorable Than Settlement #1

The Court may reduce attorney's fees when "the relief finally obtained by the parent is not more favorable to the parents than [an] offer of settlement," that is made "more than 10 days before the proceeding begins." 20 U.S.C. § 1415 (i)(3)(D)(i)(I), (III) (2006). The Board contends that the IHO order is not more favorable than Settlement #2, so Plaintiffs' attorneys' fees should be reduced. In this case, the proceeding began on September 14, 2012, which was twelve days after the Board offered Settlement #1, but only five days after the Board offered Settlement #2. (Pls.' Stmt. Undisp. Fact, Dkt. # 21, ¶ 15.) Therefore, because Settlement # 2 was not offered more than 10 days before the Hearing began, it cannot be compared with the IHO's order to reduce attorney's fees.

The IHO's order is slightly more favorable than Settlement #1. In Settlement # 1, the Board offered assistive technology services, occupational therapy, and speech and language services, the nature and extent of which were to be determined after IEP meeting. (Pls.' Ex. F-1, 9/2/2011 Settlement Offer Letter, Dkt. # 21-1.) The IHO ordered the specific payment of a speech and language evaluation that had been obtained by Plaintiffs in the amount of $1,400.00 and assistive technology and occupational therapy assessments that had been performed at a cost of $4,375.00. (Pls.' Ex. A, IHO Ruling, at 26-27.) Moreover, the IHO ordered sixty

minutes of direct speech and language service per week as well as thirty minutes of speech and language service in the classroom per week. (*Id*.) Thus, while the Board offered therapy and assessments the nature and extent of which was to be determined at a later date, the IHO ordered payment for past evaluations as well as fixed durations for the amount of therapy per week to be provided to Dominick. Moreover, the IHO ordered an additional 160 hours of direct individual instruction and speech and language therapy taking place beyond the regular school day "in compensation for the deprivation of FAPE since March 24, 2009." (*Id*. at 27.) The Board offered 100 hours. (Pls.' Ex. F-1, 9/2/2011 Settlement Offer Letter, Dkt. # 21-1.)

The Board contends again that it offered an FBA, a BIP, a transition plan, and an additional sixty minutes per week of social work or psychological services for two years, which were not awarded by the IHO. As discussed above, the IHO determined that the Board had not properly handled these items but concluded that Dominck's transfer to the therapeutic day school would address her concerns regarding these deficiencies. In essence, the IHO agreed with Plaintiffs' claims on these issues. The Court sees no basis to reduce the attorney's fees simply because CPS decided to transfer Dominick, while the hearing was pending, to a school better equipped to address his needs.

### 3. Plaintiffs' Fees Are Not Excessive

In addition, the Court may reduce attorney's fees when the "time spent and legal services furnished were excessive considering the nature of the action or proceeding," 20 U.S.C. § 1415(i)(3)(F)(iii) (2006). The Board claims that paralegal Godina billed an excessive number of hours, 14.5, in organizing the file and preparing documents for the prehearing conference and the Hearing. A paralegal's work should be included in the attorney's fees calculation if the work performed was "sufficiently complex to justify the efforts of a paralegal." *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1315

(7th Cir. 1996). Godina attests that, in due process cases like this one, he logs, scans, and chronologizes documents received in discovery, which in this case totaled approximately 1,250 pages, for possible use in the due process hearing. (Pls.' Ex. N, Godina Aff., Dkt. #21-2, ¶¶ 2-6.) He creates a table of contents and edits the due process hearing binder as directed by the supervising attorney, finalizes the binder and then, in this case, made five copies of the 607-page binders for the Hearing. (*Id*.) The Board offers no evidence in support of its position, and simply argues that the amount of time Godina spent is "remarkable." Contrary to the Board's position, the Court does not deem the number of hours spent by Godina over the course of the case on document organization and preparation of the Hearing binder to be excessive.

### C. Prejudgment Interest Applies

An award of prejudgment interest is left to the sound discretion of the trial court. *United States v. Bd. of Educ. of Consol. High Sch. Dist. 230, Palos Hills, Ill*., 983 F.2d 790, 799 (7th Cir. 1993). Prejudgment interest is "presumptively available to victims of federal law violations [because] [w]ithout it, compensation … is incomplete." *First Nat'l Bank v. Std. Bank & Trust*, 172 F.3d 472, 480 (7th Cir. 1999) (citation and internal quotation marks omitted).

The Board incorrectly implies that prejudgment interest should be restricted to situations where a party engaged in "intentional" or "outrageous" violations. Such behavior is not mandatory for prejudgment interest, and acting in good faith does not "mitigate a losing party's obligation to pay the appropriate measure of prejudgment interest." *Id.* at 480.

The Court concludes that Plaintiffs are entitled to prejudgment interest. "As a general rule, the decision whether to award compound or simple prejudgment interest is left to the discretion of the trial court." *Am. Nat.'l Fire Ins. v. Yellow Freight Sys*., 325 F.3d 924, 937 (7th Cir.2003). Nevertheless, the Seventh Circuit stated that because "'[p]rejudgment interest is an element of complete compensation,' . . . compound prejudgment interest is the norm in federal

litigation." *Id*. at 937–38 (citation omitted). Thus, the Court awards prejudgment interest to be compounded annually. Moreover, because the "basic purpose of prejudgment interest is to put a party in the position it would have been in had it been paid immediately," *id*. at 936, the Court finds it reasonable that the date from which interest shall be deemed to accrue is thirty days from the date Plaintiffs submitted their fee petition to the Board. *Bd. of Educ. of City of Chi. v. Walker*, 800 F. Supp. 2d 917, 927 (N.D. Ill. 2011) ("[T]he Court believes it is reasonable for the Board to have a period of time to review [movant's] fee petitions, like a client would have, without being charged interest").

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for summary judgment [19-1] is granted and the Board's motion for summary judgment [14-1] is denied. Plaintiffs are awarded attorney's fees in the amount of $49,623.72 plus annual compound prejudgment interest to accrue thirty days from the date Plaintiffs submitted a copy of their fee petition to the Board, as well reasonable attorney's fees for the prosecution of the present action. The clerk is directed to enter a Rule 58 judgment and terminate this case from the Court's docket.

**Date: September 25, 2012**

_____
**Ronald A. Guzman
United States District Judge**